The Chancellor.
The answer of Ryerson admits that he did not accept the deed from Tuers to him when it was left with him, in 1823. He says that Tuers desired him to accept a deed and pay his debts. That he did not at first consent to it. That *373 Tuers, thereupon, without his knowledge or consent, procured a deed to be made to him, and acknowledged it, and brought it to him, and delivered it to him, and insisted on his putting it on record ; and wont away leaving the deed in his hands. That the deed remained in his hands until August 20, 1831; when Tuers came to him, and insisted that he should accept the deed and pay Ms debts. This shows that the deed was inoperative up to August 20, 1831, more than eight years after it was left with Ryerson.
To estimate rightly the transaction of August 20, 1831, the testimony as to the habits of Tuers, and his capacity to make a deed, at the dato of the deed and from that time onward, and to a period subsequent to August, 1831, must be taken into consideration.
The testimony shews such a state of mental and physical imbecility in Tuers, the result of excessive and long continued intemperance, that a deed from him, without consideration, to a man who, from day to day, ministered to his passion for strong drink, if it had been accepted by Ryerson, would, I think, at this day, be declared void. Ryerson’s own conduct in reference to the deed shews a consciousness on his part that it could not bo considered a valid deed. This consideration has great influence in our examination of the transaction of August, 1831. That transaction was based by Ryerson and Van Dien on the instrument purporting to be a deed made in 1823.
The deed being admitted by Ryerson to be inoperative up to August 1881, tho allegations of the answer on which Ryerson claims that the deed then became valid must be proved. Tho proof does not sustain tho answer. On the contrary, the testimony in relation to the transaction of August, 1831, compared with the answer, and the nature of the writing then given by Ryerson, called in the answer a lease for life, and the fact, stated by the witness Van Dien, that that writing was not seen by or read to Tuers, throw too much suspicion on that transaction to permit tho court to say, from anything which took place, that any such, assent was given by Tuers to this last arrangement as would give life and effect to the writing purporting to be a deeá made in 1823.
*374 I am willing to order a reference, for the purpose of ascertaining how much Ryerson has paid, and when, and how much he received from the sales of the goods at the vendue, or otherwise,, from Tuers; reserving the question, whether he shall have a lien on the lands for what he may be found to have paid.
Decree for complainants.